IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANICE FAY OWENS as legal guardian and next friend of LAFAYETTE EUGENE OWENS,** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 2:08-CV-1198-VEH |
| ) | |
| **THE UNITED STATES OF AMERICA d/b/a VETERANS ADMINISTRATION MEDICAL CENTER,** )<br>)<br>)<br>)<br>) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This matter is before the Court on a Motion for Summary Judgment (doc. 17) filed by Defendant The United States of America d/b/a Veterans Administration Medical Center. Plaintiff Janice Fay Owens, as legal guardian and next friend of Lafayette Eugene Owens, was ordered to submit a written response in opposition to Defendant's motion within twenty-one days from the filing of that motion. (doc. 7). Plaintiff did not file such a response. Nevertheless, the Court has carefully reviewed Defendant's motion and brief, as well as the pleadings of record,[1] and concludes that

---

[1] Usually, a motion for summary judgment is supported by evidence. In this case, however, the Court has scoured the record in vain for an evidentiary submission by Defendant. It seems clear from Defendant's filings in support of the instant motion that Defendant <u>intended</u> to file evidence into the record. Indeed, the Court received an index of "Defendant's Evidentiary

the motion is due to be **GRANTED** for the reasons stated herein.

## I. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those

---

Materials in Support of Defendant's Motion for Summary Judgment" (doc. 18), but the evidentiary materials themselves were not filed with the Court. In the absence of evidence, the Court has looked to the parties' pleadings for the purpose of garnering the necessary "facts" to rule on the instant motion. In any event, the <u>material</u> facts of this lawsuit are not in dispute, and those facts are found within the body of Plaintiff's Complaint. (doc. 1).

When a party moves for summary judgment, but fails to file any evidence in support of the motion, this Court's usual course of action is either to deny the motion without prejudice or to afford the movant an opportunity to proffer its evidence. This case, however, is unusual because the Court has been furnished with all the material facts necessary to adjudicate Plaintiff's claims through the allegations within Plaintiff's Complaint. Because Plaintiff's Complaint is already a part of the Court's record, it would be an exercise in futility and a waste of judicial resources for the Court to require Defendant to submit additional evidence at this juncture. As explained more fully *infra*, when the facts are construed in the light most favorable to Plaintiff, this case is due to be dismissed on the pleadings. Thus, Defendant's motion does not need evidentiary support beyond the facts set out in the Complaint itself.

The Court also notes that, in the alternative to pursuing relief under Federal Rule of Civil Procedure 56, Defendant had three clear avenues to pursue dismissal of this action under Federal Rule of Civil Procedure 12. *See, e.g.*, FED. R. CIV. P. 12(b)(1), 12(b)(6), and 12(c). Whether the present motion is considered under Rule 12 or Rule 56, it is due to be granted. That said, the Court has analyzed Defendant's motion as one for summary judgment.

portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See, e.g., Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See, e.g., Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)). If the moving party bears the

burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; *i.e.* facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it requires the movant to point out to the court that there is an absence of evidence to support the non-moving party's

case.  *See Fitzpatrick*, 2 F.3d at 1115-16.  If the movant meets its initial burden by using this second method, the non-moving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts.  *See Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

In the present case, the nonmovant has not opposed the motion for summary judgment.  However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion."  *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam)).  *See also Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.3d 1277, 1279 (5th Cir. 1985) ("a motion for summary judgment cannot be granted simply because there is no opposition . . . .") (citing *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985)).  "[T]he district court's order

granting summary judgment must 'indicate that the merits of the motion were addressed.'" *One Piece of Real Property*, 363 F.3d at 1102 (quoting *Dunlap*, 858 F.2d at 632).

The movant must demonstrate an absence of a genuine issue of material fact; if the movant fails to meet his burden, this Court may deny the motion, without regard to whether the nonmovant has filed a response. *See Hibernia Nat'l Bank*, 776 F.2d at 1279 (citing *John*, 757 F.2d at 708).

However, if the nonmovant has not supplied the Court with a response to dispute any issue of fact, this Court may receive the movant's factual account as "a prima facie showing of its entitlement to judgment." *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (citing *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

**II.     Facts**[2]

Thirty four years ago, the former-Fifth Circuit observed, in a lawsuit very similar to the action at bar, "[t]his is a sad but simple case." *Carr v. Veterans Administration*, 522 F.2d 1355, 1356 (5th Cir. 1975).[3]

On April 21, 2003, Lafayette Eugene Owens was treated by a podiatrist at "The Veterans Administration Medical Center" in Birmingham, Alabama. Mr. Owens visited the Medical Center "for the sole purpose of having his toenails clipped." (doc. 1, at p.3). While Mr. Owens was being treated, a podiatrist "cut away callous tissue from under" Mr. Owens' right foot. (*Id.*). After the tissue was surgically removed, the podiatrist "administered a surface, topical antibiotic ointment, covered the wound with a simple bandage, and released Mr. Owens to go home without providing him

---

[2] *Nota bene*:

> As [the Eleventh Circuit] has repeatedly stressed, the "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." *Priester v. City of Riviera Beach*, 208 F.3d 919, 925 n. 3 (11th Cir. 2000). Nevertheless, for summary judgment purposes, our analysis must begin with a description of the facts in the light most favorable to the plaintiff. *See Skrtich v. Thornton*, 280 F.3d 1295, 1299 (11th Cir.2002).

*McCullough v. Antolini*, 559 F.3d 1201, 1202 (11th Cir. 2009) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002)). As it must, the Court has construed all facts in the light most favorable to Plaintiff.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

any additional antibiotics or additional bandages." (*Id.*). Unfortunately, the surgical wound became infected. Two surgeries were performed in an attempt to stave off the infection, but to no avail. Because of the rampant infection, Mr. Owens's right leg was amputated below the knee.

Mr. Owens asserts that his suffering was caused by the "carelessness, negligence, and breach of the accepted standard of care" on the part of Defendant. (doc. 1, at p.4). On March 3, 2005, Plaintiff, acting on Mr. Owens's behalf, submitted a written claim to "The Department of Veterans Affairs" in the amount of $3,000,000.00. The agency rejected Plaintiff's claim by a letter postmarked February 7, 2006.[4] Plaintiff commenced the instant lawsuit on July 7, 2008. In other words, this lawsuit was filed 2 years, 5 months, and 1 day after the rejection letter was mailed by Defendant.

## II.  Discussion

Plaintiff's claims are brought exclusively under the Federal Tort Claims Act,

---

[4] The Court finds that the alleged postmarked date of the letter is the date on which the letter was actually mailed by Defendant. Given that Plaintiff alleges in his Complaint that the letter was postmarked February 7, 2006, and Defendant does not dispute that allegation, the fact that the letter is not part of the evidentiary record is of no importance. *See Carr v. Veterans Administration*, 522 F.2d 1355, 1356 n.1 (5th Cir. 1975) ("Both parties concede that the February 5 date appears in a postmark on the back of the envelope. In view of this agreement, we deem it irrelevant that the back of the envelope is not a part of the record on appeal. The district court was clearly justified in recognizing the postmark as probative of the date of mailing. The factual finding that the date of mailing was February 5 is not clearly erroneous.") (citing *Meeks v. State Farm Mutual Automobile Ins. Co.*, 460 F.2d 776, 778 n.2 (5th Cir. 1972)).

28 U.S.C. §§ 1346, 2671 *et seq*.  "[W]hen, as in the Federal Tort Claims Act, the sovereign, by statute creating a cause of action and consenting to be sued upon it, makes it clear that the consent of the United States to be sued in tort is conditioned upon the suit's being filed within the time fixed in the Act and not otherwise, exact compliance with the terms of consent is a condition precedent to suit." *Simon v. United States*, 244 F.2d 703, 704 (5th Cir. 1957).  Stated somewhat differently,

> "The [Federal Tort Claims Act] is a specific, congressional exception" to the United States' sovereign immunity for tort claims, under which the government may "be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) (per curiam).  However, this waiver "must be scrupulously observed, and not expanded, by the courts." *Id*.

*Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

Complaints filed under the Federal Tort Claims Act against the United States are governed by 28 U.S.C. § 2401, which reads in pertinent part:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  In the instant motion, Defendant argues that Plaintiff's claims are barred by the six month limitations period of 28 U.S.C. § 2401(b).  Defendant is correct.

9

As a general rule, "any statute of limitations sought to be applied against the United States 'must receive a strict construction in favor of the Government.'" *United States v. Banks*, 115 F.3d 916, 919 (11th Cir. 1997) (quoting *United States v. Alvarado*, 5 F.3d 1425, 1428 (11th Cir. 1993). The limitation provisions of the Federal Tort Claims Act are a part of the statute creating liability, and time is an indispensable condition of liability. *See United States v. Croft-Mullins Elec. Co.*, 333 F.2d 772 (5th Cir. 1964).

For purposes of the relevant statute of limitations contained in 28 U.S.C. § 2401(b), a lawsuit brought under the Federal Tort Claims Act is barred if the suit is filed more than six months after the proper federal agency mails[5] notice of a final denial of a claim. This is true even in the situation, as is the case here, where the lawsuit was commenced within two years from the date of the underlying claim. *See Childers v. United States*, 422 F.2d 1299, 1301 (5th Cir. 1971) (holding that "a suit instituted within two years from the date the claim accrued, but more than six months after the notice by registered mail of the denial of the claim was barred by [28 U.S.C. § 2401(b)]") (citing with approval *Claremont Aircraft, Inc. v. United States*, 420 F.2d

---

[5] *Nota bene*: The six month statute of limitations commences running on the date the denial of a claim is mailed by a federal agency rather than the date on which the claimant receives the notice of rejection of the claim. *See Carr v. Veterans Administration*, 522 F.2d 1355, 1358 (5th Cir. 1975).

896 (9th Cir. 1970) ("Every tort claim against the United States must first be presented to the appropriate federal agency.  The claimant is forever barred from seeking relief in the courts unless he institutes suit within six months after the date of mailing, by registered mail, of notice of final denial of the claim.")(internal marks and citations omitted)).  *See also*, *e.g.*, *Kinson v. United States*, 322 F. Supp. 2d 684, 686 (E.D. Va. 2004) ("The requirement that a suit be properly filed within six months of the agency's denial of the administrative claim is entitled to strict construction.") (citing *Johnson v. United States*, 652 F. Supp. 407, 409 (E.D. Va. 1987)). Accordingly, because Plaintiff commenced this lawsuit more than six months after the undisputed date on which Defendant mailed the claim rejection letter, Plaintiff's claims asserted against Defendant under the Federal Tort Claims Act are barred under 28 U.S.C. § 2401(b).

Moreover, because this lawsuit was commenced against the United States after the statute of limitations expired, the United States is immune from this suit by virtue of sovereign immunity.  As such, this Court lacks subject matter jurisdiction over this dispute.  As the Eleventh Circuit has explained:

> In most cases, a defense based on a statute of limitations does not implicate the court's subject matter jurisdiction. *See Pugh v. Brook* (*In re Pugh*), 158 F.3d 530, 533-34 (11th Cir. 1998) (noting that "true statutes of limitations" do not constitute grants of subject matter jurisdiction, but rather "restrict the power of a court to grant certain

> remedies in a proceeding over which it has subject matter jurisdiction"). Suits against the United States, however, present an unusual situation. The United States is generally immune from suit; it is subject to suit only insofar as it has waived its sovereign immunity. *See United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70, 85 L.Ed. 1058 (1941). Consequently, if a statute authorizing suits against the United States limits the time period in which such suits may be brought, the United States retains its sovereign immunity as to any suits brought outside of that time period. *See Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983). Therefore, the court does not have subject matter jurisdiction over a suit against the United States that is barred by the statute of limitations.

*Compagnoni v. United States*, 173 F.3d 1369, 1370 n. 3 (11th Cir. 1999). *See also Simon v. United States*, 244 F.2d 703, 705 (5th Cir. 1957) (When discussing the Federal Tort Claims Act, the court noted: "Generally speaking the time requirement prescribed by a statute granting the right to sue the United States or a state is construed as a condition or qualification of the right; such a provision is in other words jurisdictional rather than a mere statute of limitations.") (citations omitted).

Once a federal court determines that it lacks subject matter jurisdiction over a dispute, it must immediately dismiss the case. *See, e.g.*, FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action.")(emphasis supplied); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (noting that "federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a

court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction"). Consequently, because this Court's finding that it lacks subject matter jurisdiction mandates the immediate dismissal of this action, the Court will not consider Defendant's additional arguments in support of its Motion for Summary Judgment.

## IV. Conclusion

For the reasons stated herein, the Motion for Summary Judgment is due to be **GRANTED**.[6] An Order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 24th day of November, 2009.

                                                                                  _/s/ VEHopkins_
                                                                                  **VIRGINIA EMERSON HOPKINS**
                                                                                  United States District Judge

---

[6] Assuming *arguendo* that this Court had denied Defendant's Motion for Summary Judgment because of Defendant's failure to submit supporting evidence, the Court would have, alternatively, *sua sponte* examined its own subject matter jurisdiction. Upon conducting such an examination in light of the material, undisputed allegations of Plaintiff's Complaint, this action would have been dismissed for lack of subject matter jurisdiction for the reasons stated in this Memorandum Opinion.